# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 21-5300**                              **September Term, 2021**

**1:21-cv-03079-UNA**

**Filed On:** March 1, 2022

Andrew U.D. Straw, Esquire,

       Appellant

      v.

United States of America,

       Appellee


**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Rao and Jackson\*, Circuit Judges, and Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief, letters, and reply brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to appoint counsel and the motion to dispense with paper filings, it is

**ORDERED** that the motion to appoint counsel be denied. In civil cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion to dispense with paper copies be dismissed as moot. It is

**FURTHER ORDERED AND ADJUDGED** that the district court's order filed November 29, 2021, be affirmed. Appellant asserts that he does not seek to reverse or


\* Circuit Judge Jackson was a member of the panel at the time the case was submitted, but did not participate in this judgment.

overturn other federal district courts or a state court, but only compensation for a "judicial taking" under the Fifth Amendment.  Regardless of whether such claims are cognizable, appellant's complaint against the United States was subject to dismissal because, to the extent that appellant challenges the decision of the Indiana Supreme Court, the United States is not a proper defendant.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (plaintiff's asserted injury must "be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court") (internal quotation marks and alterations omitted); Common Cause v. Biden, 748 F.3d 1280, 1284 (D.C. Cir. 2014) (standing "requires that a proper defendant be sued").  As to the other federal district court decisions, the district court correctly concluded that it lacked jurisdiction to review decisions of other federal courts, which it would necessarily need to do in order to find an unconstitutional taking had occurred.  See 28 U.S.C. § 1294(1) (appeal from a reviewable decision of a district court shall be taken to the "court of appeals for the circuit embracing the district"); Snipes v. Chutkan, 839 F. App'x 563, 563 (D.C. Cir. 2021) (per curiam).  Cf. Straw v. United States, No. 2021-1597, 2021 WL 4772463, at *2 (Fed. Cir. Oct. 13, 2021) (upholding the dismissal of Straw's judicial takings claims on jurisdictional grounds because "[w]hether a taking occurred depends in whole or in part on whether the district court decisions were correct," and "[t]he Claims Court does not have the jurisdiction to review these district court decisions").

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk